Filed 08/18/23  P. v. Serrano CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061781 |
| v. | (Super. Ct. No. RIF106251) |
| ZEUS MURILLO SERRANO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment of the Superior Court of Riverside County, Charles J. Koosed, Judge.  Affirmed.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*     \*     \*

In 2018, the California Legislature undertook a major change to California's laws pertaining to murder. Effective January 1, 2019, it eviscerated the "felony murder" and "natural and probable consequences" theories of culpability in an attempt to ensure that punishment for murder was aligned with culpability.

First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (Pen. Code[1], § 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense.

That statute, originally numbered section 1170.95 was subsequently renumbered as section 1172.6. It sets out the new rules for proving murder, establishes the retroactivity of the new statute, and provides a procedural vehicle for those convicted under the discredited theories to challenge their convictions.

We deal here with another of the burgeoning number of cases filed by inmates seeking to take advantage of the changes in the law. Those changes are, not surprisingly, confusing to people who have not received a legal education. And the attorneys appointed to represent these people are often finding themselves forced to admit to the court that their client's misunderstanding of the law means there is no argument that can be made on appeal with a reasonable chance of success. This is such a case.

_____

[1] All further statutory references are to the Penal Code.

This is appellant's third time in this court, his second attempt to take advantage of the provisions of section 1172.6. Here is what we said the last time, in February, 2022:

"The record of conviction shows appellant drove his pickup truck alongside a Chevy Camaro containing three rival gang members in order to enable one of his passengers to fire several shots into the Camaro. One of [the] shots struck and killed 13-year old Markess Lancaster, who was in the backseat of the Camaro. The incident transpired after the two groups exchanged gang signs following a chance encounter at a liquor store in Riverside County.

"In addition to convicting appellant of first degree premeditated murder, the jury found appellant guilty of conspiracy to commit murder, two counts of attempted premeditated murder, and multiple counts of unlawfully possessing and discharging a firearm. The jury also found true various allegations, including the special circumstances allegations that the murder was carried out to further the activities of appellant's gang and that it was achieved by means of discharging a firearm from a motor vehicle. [Citations.]

"At trial, the jury was instructed that both of those special circumstances allegations required proof beyond a reasonable doubt that appellant harbored the intent to kill. And, in finding those allegations true, the jury expressly determined that, in positioning his truck alongside the victims' vehicle, appellant acted with such intent. As the trial court correctly found – after appointing appellant an attorney and conducting an undisputed hearing on the issue – this determination proves appellant harbored actual malice so as to render him ineligible for resentencing under . . . section 1170.95 [Citations.]"

All that has changed since then is that the section has been renumbered as section 1172.6. In 2022, appellant filed this action, seeking relief pursuant to section 1172.6. The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on

3

appeal.  Counsel reviewed the record in the case and concluded there was no issue he could argue that had a reasonable chance of success.  She did not argue against her client but requested – as the law provides – that we review the case, acknowledging the applicability of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Appellant was notified he had the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

*Delgadillo* relieves us of the responsibility of reviewing this record.  It is no longer required.  But our court, as a general rule, follows *People v. Flores* (2020) 54 Cal.App.5th 266 and *People v. Griffin* (2022) 85 Cal.App.5th 329.  We have decided, because of the high stakes involved, to exercise the discretion *Delgadillo* gives us (14 Cal.5th at p. 232) in favor of *Wende* review (*People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738).

It should be emphasized that a *Wende* review is not limited to arguments that would necessarily be successful, but merely arguments that could be made, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of this case was aimed at merely finding something an attorney could ethically argue in favor of reversal.  We have made such a review and found nothing.

We have found nothing because appellant does not fall within the terms of the statute he is seeking to apply to his case.  There was no application of the felony murder rule or the natural and probable consequences doctrine in his case.  The jury was not instructed on those doctrines, and they were not argued by counsel.  This motion is substantively identical to his earlier unsuccessful attempt to invoke the new rules.

Appellant's counsel was right.  There is no arguable issue here.  The judgment is affirmed.


                                                BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


GOETHALS, J.

5